UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JOHN MEGGS,

      Plaintiff,

v.

KENDALL HOSPITALITY, LLC D/B/A
HOLIDAY INN EXPRESS & SUITES
KENDALL EAST,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, KENDALL HOSPITALITY, LLC D/B/A HOLIDAY INN EXPRESS & SUITES KENDALL EAST (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.      Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is

otherwise *sui juris*. Plaintiff is the President of the Not-for-Profit Corporation, Access 4 All, Incorporated.

5.      At all times material, Defendant, KENDALL HOSPITALITY, LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida, with its principal place of business in Doral, Florida.

6.      At all times material, Defendant, KENDALL HOSPITALITY, LLC, owned and/or operated a commercial hotel at 11520 SW 88th Street Miami, Florida 33176 (hereinafter the "Commercial Property"). Defendant, KENDALL HOSPITALITY, LLC, holds itself out to the public as "Holiday Inn Express & Suites Kendall East."

7.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami, Florida, Defendant regularly conduct business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

8.      Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

10.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires the use of a wheelchair to ambulate.

12.     Defendant, KENDALL HOSPITALITY, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein.

13.     The individual Plaintiff visited the Commercial Property and business located within the Commercial Property on or about January 20, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and visit the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

14.     Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Miami, Florida, in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint as he regularly conducts business on behalf of the Not-For-Profit Corporation, in and around Miami, Florida, including but not limited to meeting with organization's members and meeting with undersigned counsel. Specifically, Plaintiff intends to revisit the Commercial Property on or about April 2022 in order to participate a meeting for the Not-For-Profit Corporation.

15.     The Plaintiff found the Commercial Property to be rife with ADA violations.

The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16.     The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

17.     Defendant, KENDALL HOSPITALITY, LLC, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant own and/or operate is the Commercial Property hotel business located at 11520 SW 88th Street Miami, Florida 33176.

18.     Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

19.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20.     Defendant, KENDALL HOSPITALITY, LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

21.     Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel business within the Commercial Property, include, but are not limited to, the following:

A.  Parking and Exterior Accessible Route

i.      Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3.2% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

ii.     Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3.2% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

iii.    Accessible spaces are not located on firm, stable and level slip-resistant surfaces preventing safe use by John Meggs, in violation of the ADAAG and 2010 ADAS Section 502.

iv.     Accessible spaces are not located on firm, stable and level slip-resistant surfaces

preventing safe use by John Meggs, in violation of the ADAAG and 2010 ADAS Section 502.

B.  Entrance Access and Path of Travel

i.      Accessible routes at Holiday Inn Express & Suites Kendall East have 3.1% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii.     Accessible routes at Holiday Inn Express & Suites Kendall East have 3.9% cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii.    Curb ramps at Holiday Inn Express & Suites Kendall East contain excessive slopes of 9.5% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

iv.     Curb ramps at Holiday Inn Express & Suites Kendall East contain excessive slopes of 11.1% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

C.  Access to Goods and Services

i.      Counters are , in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

ii.     Table knee and toe space is , high (27" min) and deep (17" min), preventing use by John Meggs.

D.  Restrooms

i.      Table knee and toe space is , high (27" min) and deep (17" min), preventing use by John Meggs.

ii.      John Meggs unable to use Mirror due to bottom-reflecting surface 56.5" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.

iii.     John Meggs is unable to reach Dispenser controls 55" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iv.      Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604.

v.       Grab bars 36" do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

vi.      Grab bars and/or transfer space not provided in the stall, endangering John Meggs, violating ADAAG Section 4.17.

E.   Accessible Guestrooms and Suites

i.       Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding John Meggs, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

ii.      Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding John Meggs, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

iii.     Rods and shelves in closets or wall mounted units > 48" AFF 59.5" AFF or lack the clear floor space for John Meggs to approach, violating the ADAAG and 2010 ADAS Section 308.

iv.      Rods and shelves in closets or wall mounted units > 48" AFF 59.5" AFF or lack the clear floor space for John Meggs to approach, violating the ADAAG and 2010 ADAS Section 308.

v.      Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF 49" from rear wall, preventing safe use to John Meggs.

vi.     Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF 49" from rear wall, preventing safe use to John Meggs.

vii.    Towel racks or bars placed 61" AFF (48" AFF max) beyond reach of John Meggs, violating the ADAAG and 2010 ADAS Section 308.

viii.   Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

ix.     Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

x.      Sinks mounted at Holiday Inn Express & Suites Kendall East are 35.5" > 34" max to rims, preventing use by John Meggs, violating section 606 of the 2010 ADAS.

xi.     Mirror bottom-reflecting surface at Holiday Inn Express & Suites Kendall East is 45.5" AFF > 40" AFF max, violating the 2010 ADAS Section.

        Mirror bottom-reflecting surface at Holiday Inn Express & Suites Kendall East is 42" > 40" AFF max, violating the 2010 ADAS Section.

xii.    Mounted items at Holiday Inn Express & Suites Kendall East are 9.5" above grab bar (12" min), preventing use by (Plaintiff Name), violating Section of the 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

22.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating

the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.      Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.      While Defendant, KENDALL HOSPITALITY, LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held jointly and severally liable for ADA violations.

27.      A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28.      Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in 11520 SW 88th Street Miami, Florida

33176, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 28, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
　　　　　　　　dperaza@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
　　　ANTHONY J. PEREZ
　　　Florida Bar No.: 535451
　　　BEVERLY VIRUES
　　　Florida Bar No.: 123713